In re Williams.

City Court.

*May,* 1885.

In re ALBERT WILLIAMS, M. D.

In this State an uncle may lawfully marry his niece, The legislature has left the subject to the wisdom and good sense of the parties interested.

Albert Williams, M. D., having applied to have the ceremony performed, pursuant to a promise of marriage

with his niece, the question has arisen whether, on the ground of affinity, there is any law of this State which disqualifies them from entering into the marriage state.

McAdam, Ch. J.—The limit of prohibition among collateral kindred has been differently assigned in different countries, and the only branch of the question which need be considered here, is the condition of the law of this State bearing on the subject. In Wightman v. Wightman (4 Johns. Ch. 343, decided in 1820), it was held that marriages between brothers and sisters in the collateral line were, equally with those between persons in the lineal line of consanguinity, unlawful and void, as being plainly repugnant to the first principles of society, and the moral sense of the civilized world. Chancellor Kent, in referring to this case (2 Kent Comm. 83), said, "It would be difficult to carry the prohibition further without legislative sanction."

In Wightman v. Wightman, supra, the chansellor said: "Marriages out of the lineal line, and in the colleteral line beyond the degree of brothers and sisters, could not well be declared void, as against the first principles of society. The laws and usages of all the nations to whom I have referred do, indeed, extend the prohibition to remoter degrees, but this is stepping out of the family circle ; and I cannot put the prohibition an any other ground than positive institution. There is great diversity of usage on the subject. Neque teneo, neque dicta refello. The limitation must be left, until the legislature thinks proper to make some provision in the case, to the injunctions of religion, and to the control of manners and opinion." By the Revised Statutes which went into operation in 1830 (2 R. S. 139; 3 R. S. 6 ed. 147 ), " Marriages between parents and children, including grandparents and grandchildren of every degree, ascending and descending, and between the brothers and sisters of the half, as well as of the whole blood, are declared to be void."

The prohibition extends no further. It does not reach the case of un le and niece. There being no law of this State disqualifying the parties from being lawfully married, it is their privilege to have the ceremony performed. The legislature evidently intended to leave the question of marriage between uncle and niece to the wisdom and good sense of all the parties interested. They have concluded to enter the marriage state, and are entitled, under the laws of this commonwealth, to have the ceremony performed.

In England and some of the States marriages between uncles and nieces are void. The rule in New York is as declared above.